IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARIA ELBA LUERA**,

        Plaintiff,

vs.                                                            Civ. No. 11-184 MCA/RHS

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing (Doc. 22). The Court considered the pleadings and the supporting documentation, and proposes that Plaintiff's Motion be denied and that the case be dismissed with prejudice.

## CASE HISTORY

Ms. Luera asserts that she became disabled on March 1, 2006 (Administrative Record (AR) 101) due to deteriorating bone disease and arthritis (AR 120). She filed her claim for social security disability benefits on July 17, 2007 (AR 106). An Administrative Law Judge (ALJ) held a hearing on July 20, 2009, at which Ms. Luera was represented by counsel (AR 23). The ALJ afforded counsel the opportunity to question Ms. Luera (AR 30). On October 29, 2009, the ALJ issued a written decision that Ms. Luera was not disabled (AR 12-19). Ms. Luera appealed to the Social Security Administration's Appeals Council, which declined review on January 24, 2011 (AR 1). Ms. Luera filed in this Court on February 25, 2011 for review of the alleged disability from March 26, 2006 to October 29, 2009.

**ISSUES FOR REVIEW**

This Court reviews the ALJ's decision-making process.  The ALJ is required to review Ms. Luera's case in a sequential five-step process to determine if she is disabled.  20 C.F.R. § 404.1520.  For the first two steps, the ALJ found in favor of Ms. Luera, and the steps are mentioned here only as background.  At the first step of the analysis, the ALJ determined that Ms. Luera is not engaged in "substantial gainful activity."  20 C.F.R. § 404.1571 (AR 14).  In the second step, the ALJ considered whether Ms. Luera has a severe medical impairment (20 C.F.R. § 404.1520(c) and 20 C.F.R. § 416.920(c)) and found that Ms. Luera does have degenerative disc disease of the lumbar spine and asthma (AR 14).

For step three, the ALJ concluded that Ms. Luera does not have an impairment that meets or medically equals one of the listed impairments (AR 15).  This conclusion is adverse to Ms. Luera, but she does not address the ALJ's step three decision in her Motion (Doc. 22), so it is not discussed here.

Prior to step four, the ALJ reviewed Ms. Luera's residual functional capacity and determined that Ms. Luera had the capacity to perform light work but that she should avoid exposure to extreme weather conditions and environmental hazards due to occasional asthma exacerbations (AR 15).  Ms. Luera alleges that the ALJ's finding is not supported by substantial evidence and that ALJ erred in evaluating her credibility (Doc. 22 at 9 and 16).  These issues are analyzed in this proposed disposition.

At the fourth step, the ALJ considered whether, in light of Ms. Luera's residual functional capacity, Ms. Luera can still perform her past relevant work.  The ALJ determined that the claimant could not perform any past relevant work (AR 17), which was a determination in her favor and therefore it is not disputed nor discussed here.

At step five, the ALJ determined whether Ms. Luera could perform jobs in the national economy, given her age, education, work experience, and residual functional capacity assessment. In part based on the Vocational Expert's testimony, the ALJ concluded that there was at least one job (information clerk) that Ms. Luera could perform and therefore she was not considered disabled (AR 18). Ms. Luera argues that the ALJ erred because the ALJ did not preface his questions to the Vocational Expert with Ms. Luera's age, education and work experience (Doc. 22 at 15), and the ALJ failed to ask the Vocational Expert questions about the Dictionary of Occupational Titles (Doc. 22 at 16).

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal. The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005). Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## ANALYSIS

**1. Substantial Evidence Supports the ALJ's Finding that Ms. Luera Has the Capacity to Perform Light Work (Residual Functional Capacity Assessment).**

The ALJ determined that Ms. Luera had the capacity to perform light work. Ms. Luera argues that substantial evidence does not support this finding and that the ALJ erred in analyzing

(1) her pack pain and (2) her asthma (Doc. 22 at 9-14).  The Social Security regulations define light work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds. . .  a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time. . . .  To be considered capable of performing . . . light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as . . . inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

Regarding Ms. Luera's back pain, the ALJ's written decision cited to relevant evidence that a reasonable mind can accept as adequate to support the conclusion that she could perform light work.  In June 2006, Dr. Barrie Ross, M.D., examined Ms. Luera and noted, "patient presents with extreme histrionic pain behaviors including gait (hunched over bent limping without apparent consistent favor to either lower extremity) . . ."  Dr. Ross's notes also state "Symptoms are very dramatic and severe but with inconsistent objective data," and "Significant symptom magnification" (AR 299).  The doctor imposed a light duty work restriction (AR 300).  In July 2006, the claimant visited Dr. Paul Legant, M.D., who also opined that "She has definitive, obvious signs of symptom magnification" (AR 307).  Dr. Legant added, "From the definitive orthopaedic standpoint I did not find any singular orthopaedic or neurologic problems and/or injury based on today's exam and the review of the x-rays and scans, etc." (AR 308).  In September 2007, Dr. Mary Burgesser, M.D., noted that "the patient can sit, stand and move about.  She can lift and carry 50 lbs." (AR 313).  That same month, Dr. Robert Ball, M.D., found that the claimant's "Lumbar spine is in normal alignment.  The disc spaces are maintained.  No degenerative or traumatic changes are seen.  Conclusion: No acute disease" (AR 314).  In July 2008, Dr. Stephan Haas, M.D. concluded that the claimant had "Mild degenerative disc disease . . . with lateral disc extension as described[,] however without definite spinal canal or frominal

encroachment" (AR 404).

Ms. Luera's brief to this Court does not cite to medical records from these five physicians or any other treating or evaluating physicians that the ALJ should have considered to determine whether her back issues rendered her incapable of performing light duty work. While she notes that Dr. Darcie Robran-Marquez, M.D., is a treating physician (Doc. 22 at 3), Ms. Luera does not point to any residual functional capacity opinion from the treating physician that the ALJ should have considered. Instead, the claimant relies on her own subjective complaints made to doctors without connecting those complaints to functional capacity.

The ALJ also considered Ms. Luera's asthma when concluding that she could perform light work. He noted, "her symptoms are for the most part controlled with medications and other than medications, no more aggressive treatment or further diagnostic evaluations have been recommended" (AR 16). Ms. Luera alleges that the ALJ erred because he found at step two of the sequential evaluation process that her asthma was severe. However, Ms. Luera does not point to any physician opinions that the ALJ should have considered or any evidence that indicates that she could not perform light duty work despite her asthma diagnosis.

Ms. Luera also argues that the ALJ erred at this step in the analysis by not assigning weight to the treating physician opinions. The brief does not make it entirely clear who she argues are her treating physicians. However, it does not matter because Ms. Luera has not pointed to doctor opinions that the ALJ rejected or weighed unfavorably. Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.").

In sum, substantial evidence supports the ALJ's finding that Ms. Luera could perform

light work and there is not any reason to remand this issue.

> 2. **Substantial Evidence Supports the ALJ's Determination That Ms. Luera Is Not Credible (Residual Functional Capacity Assessment Step).**

"In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true." Social Security Ruling 96-7p. The ALJ determined that the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment" and then detailed several areas of inconsistency between the claimant's subjective complaints, her testimony during the hearing and statements that appeared in the record (AR 16-17). Social Security Ruling 96-7p addresses consistency and credibility: "One strong indication of the credibility of an individual's statement is their consistency, both internally and with other information in the case record."

For Ms. Luera's case, the ALJ focused on her allegations of chronic severe back pain and whether the medical records supported her testimony. The ALJ reviewed much of the same documentary evidence used in making the residual functional capacity assessment regarding light duty. Specifically, physicians who conducted physical exams reported minimal findings and symptom magnification (AR 16-17). MRI studies showed that Ms. Luera had mild degenerative disc disease and X-rays showed that she did not have any acute disease (AR 16). In other words, the ALJ reviewed records that were not consistent with the severity of the claimant's subjective complaints. In sum, there is substantial medical evidence to support the ALJ's conclusion that Ms. Luera's testimony about her capacity was not credible and there is not any reason to remand this issue.

3.     **It Was Harmless Error for the ALJ to Not Restate the Claimant's Age, Education and Work Experience for the Vocational Expert (Step Five).**

At the hearing, the ALJ asked the Vocational Expert for an example of a job which would be performed at the light exertional level (AR 28).  When the ALJ posed the question to the Vocational Expert, the ALJ did not recite Ms. Luera's age, education and work experience (AR 28).  Ms. Luera now complains that this was reversible error, even though her attorney did not mention the issue during the hearing (Doc. 22 at 15).  The Vocational Expert was in the same room as Ms. Luera and heard testimony about her work history (AR 26) and eighth grade education (AR 34).  The Vocational Expert opined that the Ms. Luera could work as a information clerk, which was classified as light and unskilled (AR 28).  In the briefing to this Court, Ms. Luera has not asserted that the Vocational Expert's testimony was based on any erroneous information as a result of the ALJ not reciting the claimant's age, education and experience or that the Vocational Expert's conclusion would have been any different if the ALJ stated Ms. Luera's age, education and work experience prior to asking the question.  Therefore, I cannot conclude that any alleged error harmed Ms. Luera and there is not any reason to remand on this issue.

4.     **It Was Harmless Error for the ALJ to Not Ask the Vocational Expert Preliminary Questions about the Dictionary of Occupational Titles (Step Five).**

When the ALJ asked the Vocational Expert for his opinion about potential jobs that Ms. Luera could perform (AR 28), the ALJ did not ask the Vocational Expert if he was familiar with the Dictionary of Occupational Titles.  The ALJ also did not ask the Vocational Expert if his opinion was consistent with the Dictionary of Occupational Titles.  Ms. Luera argues that this is reversible error, even though her attorney did not raise the issues during the hearing.  When the

ALJ answered the question at the hearing, he opined that someone with Ms. Luera's limitations could be an information clerk and then cited the Dictionary of Occupational Title's reference number for that position (AR 28).  Given that the Vocational Expert's testimony unequivocally relied on the Dictionary of Occupational Titles, Ms. Luera's argument is without merit.  Additionally, Ms. Luera has not shown how she was at all harmed by the ALJ's failure to ask the expert if he was familiar with the key document that all parties likely knew the expert was relying on.  Therefore, this is harmless error.  Poppa v. Astrue, 569 F.3d 1167, 1173 (10th Cir. 2009) (finding harmless error when there were not any conflicts between the expert testimony and the Dictionary of Occupational Titles).

    In conclusion, the Social Security Administration's decision that Ms. Luera is not disabled is supported by substantial evidence in the administrative record.  Therefore, the Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)  be denied and that the case be dismissed with prejudice.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE